UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-21846-ALTMAN

ELIAS GONZALES AGUERO,

     *Petitioner*,

*v.*

WARDEN, KROME SERVICE
PROCESSING CENTER, *et al.*,

     *Respondents*.

_____/

**ORDER**

On March 11, 2026, Elias Gonzalez Aguero filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his continued detention in the custody of Immigration and Customs Enforcement ("ICE"). *See* Petition [ECF No. 1] at 8 (signing the Petition on "March 11, 2026").[1] Six days later, he filed another § 2241 petition before U.S. District Judge Beth Bloom. *See* Petition, *Aguero v. Warden*, No. 26-cv-21959-BB (S.D. Fla. Mar. 24, 2026), ECF No. 1 at 8 (signing the petition on "March 17, 2026"). The Respondent appeared in this case and filed a Notice explaining that Aguero's Petition "involves the same parties and same legal issue" as his § 2241 petition before Judge Bloom. Notice of Pending, Refiled, Related, or Similar Acts [ECF No. 5] at 1. We agree and, after careful review, **DISMISS** the Petition as duplicative.

"Federal courts retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)

---

[1] We'll deem Aguero's Petition filed on March 11, 2026—the date he signed it. *See Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) ("Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) ("Absent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it.").

("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." (citations omitted)); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) ("It is well established 'as between federal district courts, . . . the general principle is to avoid duplicative litigation.'" (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976))).

"[T]he general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *I.A. Durbin, Inc.*, 793 F.2d at 1551 (citations omitted). We think this Petition bears all three hallmarks of a duplicative filing. *First*, Aguero is suing the same parties in both cases. *Compare* Petition at 1 (suing the "Warden" at "Krome Service Processing Center" and "U.S. Immigration and Customs Enforcement"), *with* Petition, *Aguero v. Warden*, No. 26-cv-21959-BB (S.D. Fla. Mar. 24, 2026), ECF No. 1 at 1 (same). *Second*, Aguero raises the same issues in both petitions. *Compare* Petition at 6–7 (alleging that his "detention violates the [D]ue [P]rocess [C]lause of the Fifth Amendment"; that "the Supreme [C]ourt [has] authorize[d] [detention] only where it is singnificantly [sic] likely that removal will occur in [the] reasonable future"; and that "the government may continue detention beyon[d] the 90 day remov[al] period if a noncitizen falls within certain broad categories of remova[bility] or is determined to be a risk of the community"), *with* Petition, *Aguero v. Warden*, No. 26-cv-21959-BB (S.D. Fla. Mar. 24, 2026), ECF No. 1 at 6–7 (same). *Third*, Aguero asks for the same relief, too. *Compare* Petition at 7 (asking for an order "directing the [R]espondent to bring [him] to this [C]ourt at a time to be specified and explain why [he] should not be realeased [sic] from DHS custody"), *with* Petition, *Aguero v. Warden*, No. 26-cv-21959-BB (S.D. Fla. Mar. 24, 2026), ECF No. 1 at 7 (same). For these three reasons, the Petition is clearly duplicative.

It's true that his § 2241 petition before Judge Bloom was filed *after* this Petition. And at least some courts agree that, "when duplicative lawsuits are filed successively in two different federal courts, the court where the action was filed first," meaning this Court, "has priority"—sometimes called the

"first-filed" rule. *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 210 (3d Cir. 2016); *see also id.* at 217–21 (discussing the Fifth, Seventh, and Ninth Circuit's application of the "first-filed" rule). But it's *also* true that, "where duplicative actions are pending in two federal courts and the second-filed suit has progressed further than the first-filed suit, dismissal of the first in favor of the second is appropriate." *In re M.C. Prods., Inc.*, 205 F.3d 1351 (9th Cir. 1999). That's the case here. In Aguero's case before Judge Bloom, he has already paid the Clerk's filing fee, and Judge Bloom directed the Respondent to file a response to the petition. *See* Clerk's Notice of Receipt of Filing Fee, *Aguero v. Warden*, No. 26-cv-21959-BB (S.D. Fla. Mar. 24, 2026), ECF No. 3; Order to Show Cause, *Aguero v. Warden*, No. 26-cv-21959-BB (S.D. Fla. Mar. 24, 2026), ECF No. 4. In contrast, Aguero hasn't paid the fee here, and we haven't ordered a response yet. *See generally* Docket. So, because Aguero's second-filed case has outpaced this one, we'll dismiss this Petition as duplicative.

\*       \*       \*

We therefore **ORDER AND ADJUDGE** that Elias Gonzales Aguero's Petition [ECF No. 1] is **DISMISSED without prejudice** as duplicative. All pending motions are **DENIED as moot**. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in the Southern District of Florida on March 31, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      Elias Gonzales Aguero, *pro se*

3